UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RONDI GOODEN, | ) ) | Civil Action No.: CV418-0027 |
| Plaintiff, | ) ) ) | 1:17-cv- |
| v. | ) ) ) | |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RONDI GOODEN ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C. and Kurz Law Group, LLC, alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which

grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Georgia therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hinesville, Georgia.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around February or March 2015 and continuing through early 2017, Defendant called Plaintiff's cellular telephone number repeatedly.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as the calls would begin with a recording before a live representative would come on the line.

15. Defendant's calls were not for emergency purposes.

16. Shortly after calls started, within the first month or two after calls started, Plaintiff first told the Defendant to stop calling her.

17. However, Defendant continued to call her through early 2017.

18. During this time period, Plaintiff told Defendant to stop calling several more times, asking Defendant to take her number off their list.

19. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

23. Defendant's calls to Plaintiff were not for "emergency purposes."

24. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, RONDI GOODEN respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff RONDI GOODEN, demands a jury trial in this case.

Respectfully submitted,

Dated: February 6, 2018

By: /s/ Dennis R. Kurz
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Ferry Road
Building 17, Ste. 200
Marietta GA 30067
Phone: (678) 264-8003
Fax: (678) 245-6805
dennis@kurzlawgroup.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

                                          Respectfully submitted,

Dated: February 6, 2018       By: /s/ Dennis R. Kurz
                                          Dennis R. Kurz, Esq.
                                          Georgia Bar No.: 430489
                                          Kurz Law Group, LLC
                                          1640 Power Ferry Road
                                          Building 17, Ste. 200
                                          Marietta GA 30067
                                          Phone: (678) 264-8003
                                          Fax: (678) 245-6805
                                          dennis@kurzlawgroup.com
                                          Attorney for Plaintiff

PLAINTIFF'S COMPLAINT